Morgan v. Metro. Grp. Prop. & Cas. Ins. Co., No. 721-11-10 Wrcv (DiMauro, J., Mar. 3, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT                                              CIVIL DIVISION
Windsor Unit                                               Docket No. 721-11-10 Wrcv

Sean Morgan
     Plaintiff

v.

Metropolitan Group Property and Casualty Ins. Co.
     Defendant

### Decision on Defendant's Motion for Summary Judgment

Plaintiff Sean Morgan was responsible for a fatal car accident in 2001. His automobile liability carrier paid the full amount of coverage and his parents promised to pay decedent's estate an additional amount in monthly payments, but about five years later, the parents defaulted on their promises and the decedent's estate sued plaintiff and his parents for breach of contract. Plaintiff's automobile liability carrier refused to defend him in the breach-of-contract action, viewing the contract claims as beyond the scope of liability. Plaintiff filed this action seeking damages for the insurance company's decision that it owed him no duty of defense.

Defendant sought to dispose of the case by motion for judgment on the pleadings based on the argument that an automobile insurer has no duty to defend its insureds against breach-of-contract claims. In response, plaintiff relied on two federal cases in which the courts held that an insurer had a duty to defend its insured from indemnification claims brought by the carrier for vehicle lessors who had been held vicariously liable for the insured's negligence under a provision of New York state law: *Allianz Ins. Co. v. Lerner*, 416 F.3d 109 (2d Cir. 2005) and *Tokio Marine and Fire Ins. Co., Ltd. v. Grodin*, 2006 WL 3054321 (S.D.N.Y. Oct. 27, 2006). In a written decision, Judge Hayes explained that these two cases appeared to be limited to the context of indemnification and therefore did not present a strong factual basis for an extension of the insurer's duty to defend in this case. But Judge Hayes also noted that the language of the Second Circuit opinion indicated that the court there recognized that its reasoning might extend beyond the indemnification context such that "a broad duty to defend" might "theoretically extend[] beyond the standard range of possibly covered claims to reach *any* claims against an insured so long as they are the result of a covered auto accident." 416 F.3d at 116 (internal quotations omitted). Noting the novelty of the arguments, Judge Hayes deferred resolution of the matter to the summary-judgment stage, where the parties could provide a more persuasive explanation for why *Lerner* should be "either applied to or distinguished from the present circumstances." Judge Hayes specifically asked the parties to "find legal precedents in support of the arguments they are making."

Defendant has now moved for summary judgment. Defendant argues that the language of the defense obligation in *Lerner* was broader than the language contained in plaintiff's policy. Defendant has also sharpened its focus on the difference between an indemnification action that arises as a matter of law out of a covered automobile accident and a case like this one, in which the contractual liability is not rooted in the automobile accident itself but rather in the subsequent breach of a settlement agreement.

Plaintiff has mostly renewed his same arguments. He contends that the duty to defend ought to extend beyond the standard range of claims to reach any claim against an insured resulting from a covered auto accident. On this point, plaintiff's position is that an automobile carrier must defend the insured against any complaint that would not exist "but for" the covered accident. Plaintiff was unable to find any additional authorities supporting his position beyond citations to cases explaining the general parameters of the duty to defend.

The undersigned has reviewed the cited cases and the prior ruling. It appears that plaintiff is asking the court for a ruling that would, for the first time, extend *Lerner* beyond the context of an indemnification claim that arises as a matter of law out of a covered automobile accident to a contractual claim that arises from subsequent events—in this case, a breach of a settlement agreement that occurred years after the covered automobile accident. It is not even clear that *Lerner* meant to endorse such an outcome (as the court twice took pains to emphasize that the indemnification claims at issue in that case were not based on any events other than the car accident itself), but even if it did, such a recognition was merely dicta and not part of the holding of the case. *Lerner* and *Grodin* are factually distinguishable from this case, in which the contractual liability is alleged to have occurred as the result of subsequent and separate events: the missed payments. Because plaintiff has not pointed to any other holding that extends the use of the "but for" test beyond the indemnification context present in *Lerner* and *Grodin*, this court declines to be the first to rule that an automobile liability insurer must defend its insured against a complaint seeking contractual damages based on a breach of a promissory note that occurred years after the covered automobile accident.

## ORDER

Defendant's Motion for Summary Judgment (MPR #4), filed September 28, 2011, is ***granted***. A final judgment order shall issue separately.

Dated at Woodstock, Vermont this ___ day of March, 2012.

_____
Theresa S. DiMauro
Superior Court Judge

2